IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| KIMBERLY MOREHEAD, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> FISERV SOLUTIONS, LLC, ) <br> ) <br> Defendant/Counter-Plaintiff. ) <br> ) | Case No.: 8:22-cv-00120 |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant/Counter-Plaintiff Fiserv Solutions, LLC ("Defendant" or "Fiserv Solutions"), by and through its undersigned counsel, states as follows for its Answer and Affirmative Defenses to Plaintiff/Counter-Defendant Kimberly Morehead's ("Plaintiff" or "Morehead") Complaint:

1. Defendant denies that Plaintiff is a resident of Douglas County, Nebraska and admits the remaining allegation set forth in Paragraph 1 of the Complaint.

2. Defendant, a limited liability company, denies that it is a limited liability "corporation" and that it conducts significant business in Nebraska, but admits the remaining allegation set forth in Paragraph 2 of the Complaint.

3. Defendant admits that the Complaint purports that jurisdiction for the state court is appropriate, but Defendant denies that it is liable to the Plaintiff for the claims contained in the Complaint or any other relief whatsoever.

4. Defendant admits that Plaintiff worked for Fiserv Solutions from July 30, 2019 through October 15, 2021, but denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits that its parent company, Fiserv, Inc., provides the solutions listed in Paragraph 5 to the types of clients as alleged in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in the Paragraph 6 of the Complaint.

7. Defendant admits that PSCU is a client of its parent company, Fiserv, Inc., but denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits Plaintiff ended her employment with Fiserv Solutions on October 15, 2021. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 8 of the Complaint. To the extent a further response is required, the allegations are denied.

9. Defendant admits that its parent company, Fiserv, Inc., entered into the Release with Plaintiff and that a true and correct copy of the Release is attached as Exhibit A to the Complaint. By way of further answer, Defendant paid the consideration to Plaintiff as set forth in the Release.

10. The allegations in Paragraph 10 of the Complaint refer to documents, the contents of which speak for themselves. To the extent a further response is required, the allegations are denied.

11. Defendants are without knowledge or information sufficient to form a belief as to the date Plaintiff received the referenced letter. The remaining allegations in Paragraph 11 of the Complaint refer to documents, the contents of which speak for themselves. To the extent a further response is required, the allegations are denied.

12. The allegations in Paragraph 12 of the Complaint refer to documents, the contents of which speak for themselves. To the extent a further response is required, the allegations are denied.

13. The allegations in Paragraph 13 of the Complaint refer to documents, the contents of which speak for themselves. To the extent a further response is required, the allegations are denied.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Answering the *ad damnum,* Defendant denies that Plaintiff is entitled to relief requested in Paragraphs (a) – (f) of the *ad damnum*, and further denies that Plaintiff is entitled to any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff seeks an advisory opinion which is improper for a declaratory judgment action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking the requested relief under the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

By entering into the Release, Plaintiff's claims are barred by waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

By accepting the severance payment, Plaintiff's claims are barred by accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name all necessary parties to the Release.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer and to assert additional affirmative defenses as may become available or apparent through discovery.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff, Fiserv Solutions, LLC ("Counterclaim-Plaintiff" or "Fiserv Solutions"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 13, sues Plaintiff/Counter-Defendant Kimberly Morehead ("Morehead") for breach of contract and unjust enrichment. In support of this counterclaim, Fiserv Solutions alleges as follows:

## PARTIES

1. Defendant/Counter-Plaintiff Fiserv Solutions is a Wisconsin limited liability company with its principal place of business in Wisconsin. Fiserv, Inc., a publicly traded company organized under the laws of Wisconsin, is the sole member of Fiserv Solutions. Fiserv, Inc. is registered to operate in Nebraska.[1]

2. Upon information and belief, Plaintiff/Counter-Defendant Morehead is a resident of Sarpy County, Nebraska and a citizen of Nebraska.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenship of Fiserv Solutions is different from the citizenship of Morehead and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1397 because a substantial part of the events or omissions giving rise to Fiserv Solutions' claims occurred within this District.

---

[1] Fiserv, Inc. intends to file a motion to intervene in this matter pursuant to Fed.R.Civ.P. 24.

**GENERAL ALLEGATIONS**

5. On October 15, 2021, Fiserv, Inc. and Morehead executed a contract titled "Release of Claims" (the "Release) on behalf of Fiserv, Inc. and its subsidiaries and other company affiliates including Fiserv Solutions, which includes an incorporated exhibit titled "Restrictive Covenant Agreement" (the "RCA"). Fiserv Solutions is a beneficiary of the terms and conditions of the Release and the incorporated RCA. A true and correct copy of the Release was attached to the original Complaint as Exhibit A.

6. The RCA specifically states, in relevant part:

> **II.   Non-Competition.** Employee agrees that for twenty-four (24) months after employment termination from Company for any reason, Employee will not, on Employee's behalf or another's behalf, engage in any activities for a competitor of Company that are the same or substantially similar to the activities Employee performed on behalf of Company during the last 24 months prior to termination. The restriction in this paragraph is limited to the geographic area that is the same or substantially similar to the geographic area that Employee serviced at the time of Employee's termination.
>
> Employee agrees that prospective employers exist such that employment opportunities are available to Employee which would not be in violation of this Section II. Employee further agrees that this Section II is reasonable in scope and does not constitute a restraint of trade with respect to Employee's ability to obtain alternate employment in the event Employee's employment with the Company terminates for any reason, and regardless of whether such termination is initiated by Employee or Company.
>
> **III.   Non-Solicitation of Customers.** Employee agrees that, for twenty-four (24) months after cessation of Employee's employment with the Company, Employee will not solicit, contact, or call upon any customer or prospective customer of the Company for the purpose of providing any products or services substantially similar to those Employee provided while employed with the Company. This restriction will apply only to any customer or prospective customer of the Company with whom Employee had contact or about whom Employee learned Trade Secrets, Confidential Information, or Third Party Information during the last twenty-four (24) months of Employee's employment with the Company. For the purpose of this paragraph, "contact" means interaction between Employee and the customer, or prospective customer which takes place to further the business

    relationship or making sales to or performing services for the customer, or prospective customer on behalf of the Company.

7. In exchange for the covenants in the RCA, and as adequate and valuable consideration, Fiserv Solutions paid Morehead and Morehead accepted a sum total of $466,000, less any employment withholding and income taxes. *See* **Exhibit A**, at ¶ 1.

8. Neither Fiserv Solutions nor Fiserv, Inc. was under any contractual obligation to offer Morehead any money upon her termination.

9. Morehead signed the Release and RCA on October 15, 2021, the same day her employment with Fiserv Solutions terminated.

10. The Release and RCA are each valid and enforceable contracts.

11. According to her Complaint, Morehead has accepted employment with PSCU, a direct competitor of Fiserv, Inc. within the 24-month restricted period set forth in the RCA.

12. Upon information and belief, Morehead is performing duties for PSCU that are the same or substantially similar to the work she performed for Fiserv Solutions.

13. On or about March 7, 2022, Morehead filed the Complaint, requesting a declaratory judgment against Fiserv Solutions to declare the Release and RCA unreasonable and void, or to find Morehead has complied with the terms of the Release and RCA.

14. Notwithstanding her breach of the RCA, if Morehead succeeds on her claims to void the Release and RCA, Morehead would be unjustly enriched by being permitted to retain the $466,000 she received in adequate and valuable consideration for the various covenants she made to Fiserv Solutions and Fiserv, Inc. through the Release and RCA.

### COUNT I – BREACH OF CONTRACT

15. Fiserv Solutions repeats and realleges the allegations in Paragraphs 1-14 of its Counterclaims as if fully set forth here.

16. Morehead voluntarily entered into the Release and RCA on or about October 15, 2021.

17. In exchange for the covenants in the Release and RCA, Fiserv Solutions paid Morehead $466,000.

18. The amount paid by Fiserv Solutions to Morehead was adequate and valuable consideration for entering into a contract.

19. The Release and RCA are each valid and enforceable contracts.

20. By accepting employment with PSCU and performing duties that are the same or substantially similar to those she performed while employed with Fiserv Solutions, Morehead is in breach of her post-employment obligations to Fiserv Solutions and Fiserv, Inc. for which Fiserv Solutions has suffered damages in excess of $75,000.

21. Fiserv Solutions demands judgment against Morehead for monetary damages in an amount to be proven at trial that exceeds $75,000.00, plus interest, costs of this action, and for all further relief this Court deems just and proper. Fiserv Solutions also seeks an order enforcing the terms of the RCA against Morehead.

## COUNT II – UNJUST ENRICHMENT

22. Fiserv Solutions repeats and realleges the allegations in Paragraphs 1-14 of its Counterclaims as if fully set forth here.

23. Morehead accepted payment of $466,000 as consideration from Fiserv Solutions for her agreement to the covenants contained in the Release and RCA.

24. Morehead later filed suit against Fiserv Solutions seeking to void the Release and RCA.

25. Should Morehead succeed on her claims to void the Release and RCA, she will be unjustly enriched by receiving valuable consideration for covenants to which she is no longer obligated to adhere.

26. Fiserv Solutions demands judgment in the amount of $466,000, plus interest, costs of this action, and for all further relief this Court deems just and proper. Fiserv Solutions also seeks an order enforcing the terms of the RCA against Morehead.

Dated: April 11, 2022.   Respectfully submitted,

JACKSON LEWIS, P.C.

By: /s/ Kenneth M. Wentz III
Kenneth M. Wentz III, #23580
Jackson Lewis, P.C.
10050 Regency Drive, Ste. 400
Omaha, NE 68114
Phone: 402.391.1991
Facsimile: 402.391.3767
Email: Kenneth.Wentz@jacksonlewis.com

SAUL EWING ARNSTEIN & LEHR LLP
Gary B. Eidelman (*pro hac vice to be filed*)
500 E. Pratt Street
Suite 900
Baltimore, MD 21202
Phone: 410.332.8975
Facsimile: 410.332.8976
Email: gary.eidelman@saul.com

Garrett P. Buttrey (*pro hac vice to be filed*)
1919 Pennsylvania Ave., NW
Suite 550
Washington, D.C. 20006
Phone: 202.295.6642
Facsimile: 202.337.6065
Email: garrett.buttrey@saul.com

*Counsel for Defendant*
*Fiserv Solutions, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 11, 2022 I electronically filed the foregoing with the Clerk of the Court using the court's electronic filing system which sent notification of such filing to all parties.

                */s/ Kenneth M. Wentz III*
                Kenneth M. Wentz III