**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **KIMBERLY MOREHEAD,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | **Case No.: 8:22-cv-00120** |
| **v.** | ) | |
| | ) | |
| **FISERV SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |
| | ) | |

**DEFENDANT/COUNTER-PLAINTIFF FISERV SOLUTIONS, LLC'S UNOPPOSED MOTION TO JOIN FISERV, INC. AS A NECESSARY PARTY UNDER FEDERAL RULE OF CIVIL PROCEDURE 19 OR, IN THE ALTERNATIVE, AS A PERMISSIVE PARTY UNDER FEDERAL RULE OF CIVIL PROCEDURE 20[1]**

Fiserv Solutions, LLC ("Fiserv Solutions"), by and through its undersigned counsel, moves under Federal Rule of Civil Procedure 19(a) to join Fiserv, Inc. as a necessary party because Fiserv, Inc. has interests relating to the agreement at issue in Plaintiff's claims and Fiserv Solutions' counterclaims, and is so situated that litigating the action without Fiserv, Inc.'s presence may, as a practical matter, impair Fiserv, Inc.'s ability to protect its interests. Alternatively, this Court should permit Fiserv Solutions to join Fiserv, Inc. in this matter as a permissible party pursuant to Fed. R. Civ. P. 20.

## INTRODUCTION

Plaintiff Kimberly Morehead ("Morehead") was employed by Fiserv Solutions, a wholly owned subsidiary of Fiserv, Inc., until October 15, 2021. Upon her separation from

[1] Plaintiff does not oppose this Motion and consents to Fiserv, Inc. being named as a Defendant and Counter-Plaintiff in this action.

employment with Fiserv Solutions, Morehead executed a Release of Claims ("Release") with Fiserv, Inc. that included a Restrictive Covenant Agreement ("RCA") that, among other things, prohibits her from working for a competitor of Fiserv, Inc. for a 24-month period following her separation from Fiserv Solutions. *See* Compl., at Ex. A. The RCA similarly restricts Morehead from soliciting Fiserv, Inc. customers for 24 months and from soliciting Fiserv, Inc. employees for 12 months. Fiserv, Inc. and Morehead are the parties to the Release. See Compl., at Ex. A. As consideration for the Release and accompanying RCA, Fiserv Solutions, the employer of record, paid Morehead the $466,000 Transition Payment called for by the Release between Morehead and Fiserv, Inc. *Id.*

Morehead alleges that she began employment with Payment Systems for Credit Unions ("PSCU") on or about October 15, 2021. Compl. at ¶ 8. PSCU is a competitor of Fiserv, Inc. and her employment there is in violation of the RCA.

Even though the Release is between Morehead and Fiserv, Inc., Morehead filed a declaratory judgment action against Fiserv Solutions on March 7, 2022, asking the District Court for Douglas County, Nebraska to declare the Release and RCA void and unenforceable. Morehead did not, however, sue Fiserv, Inc. Fiserv Solutions removed the state court action to this Court on April 4, 2022. On April 11, 2022, Fiserv Solutions answered the Complaint, and filed a counterclaim, alleging that by working for PSCU and performing the same or similar role for PSCU that she performed for Fiserv Solutions within the restricted 24-month period, Morehead breached the Release and RCA and/or has been unjustly enriched because if she succeeds on her declaratory judgment action, she

will have received the $466,000 Transition Payment while remaining free from her obligations under the Release and accompanying RCA. Doc. 6.

## ARGUMENT

### I. Fiserv, Inc. is a Required Party and Should be Joined under Rule 19.

Rule 19(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if: . . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest. . .

Joinder of parties under the Rules is "strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

As an initial matter, Fiserv, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin and its joinder will not destroy subject matter jurisdiction in this Court. *See* Doc. 2. Further, as the signatory to the Release at issue in Morehead's Complaint, as well as in Fiserv Solutions' Counterclaims against Morehead for breach of contract and unjust enrichment, Fiserv, Inc. has and claims an interest in this matter. **Exhibit A** - Declaration of Anthony S. Marino.

It is well-settled that individuals and companies who are party to a contract at issue in litigation are necessary litigants to the action. *See MeccaTech, Inc. v. Kiser*, 2006 U.S. Dist. LEXIS 66784, at *23-24 (D. Neb. Sept. 18, 2006) (finding the non-party necessary because it was a party to the contract and an adverse ruling in the pending action would

impair the non-party's ability to successfully defend its contractual rights in future litigation); *See also Yankee Supply Co. v. Steven Cox*, No. 4:06-CV-1643 2007 U.S. Dist. LEXIS 20790, at *8 (E.D. Mo. Mar. 22, 2007); *Schweyer Import-Schnittholz GmbH v. Genesis Capital Fund, L.P.*, 220 F.R.D. 582, 586 (S.D. Iowa 2004) ("When a contract is litigated, parties to the contract are necessary parties to the litigation."). Here, Fiserv, Inc. is the corporate party to the Release Morehead seeks to invalidate through a declaratory judgment. *See* Compl., at Ex. A. Accordingly, if Fiserv, Inc. is not joined in this action, its ability to defend and enforce its contractual rights may be impaired in future litigation against Morehead under theories of res judicata, collateral estoppel, and/or stare decisis.

To protect Fiserv, Inc.'s rights to enforce its Release with Morehead, and in the interest of judicial economy, the Court should grant this Motion and join Fiserv, Inc. in this matter as a necessary party under Rule 19.

## II. Alternatively, Fiserv, Inc. Should be Joined in This Case as a Permissible Party Under Rule 20.

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transitions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Here, Fiserv, Inc. satisfies both criteria. Fiserv, Inc. has and claims an interest in Fiserv Solutions' counterclaims against Morehead for breach of contract and unjust enrichment, both of which arise out of the same transaction or occurrence as those that form the basis of Fiserv, Inc.'s own claims against Morehead should Fiserv, Inc. bring those claims in

separate litigation. Further, because its claims arise out of the same transaction or occurrence, all questions of law and fact are common between Fiserv, Inc. and Fiserv Solutions. Accordingly, Fiserv, Inc. should be joined as a permissive party.

## CONCLUSION

For the foregoing reasons, Fiserv Solutions respectfully requests that the Court grant its Motion to join Fiserv, Inc. as a necessary party pursuant to Fed. R. Civ. P. 19 or, in the alternative, permissively join Fiserv, Inc. as a party pursuant to Fed. R. Civ. P. 20.

Dated: May 11, 2022.

Respectfully submitted,

JACKSON LEWIS, P.C.

By: */s/ Kenneth M. Wentz III*
Kenneth M. Wentz III
10050 Regency Drive, Ste. 400
Omaha, NE 68114
Phone: 402.391.1991
Facsimile: 402.391.3767
Email: Kenneth.Wentz@jacksonlewis.com

SAUL EWING ARNSTEIN & LEHR LLP
Gary B. Eidelman (*admitted pro hac vice)*
500 E. Pratt Street, Suite 900
Baltimore, MD 21202
Phone: 410.332.8975
Facsimile: 410.332.8976
Email: gary.eidelman@saul.com

Garrett P. Buttrey (*admitted pro hac vice)*
1919 Pennsylvania Ave., NW
Suite 550
Washington, D.C. 20006
Phone: 202.295.6642
Facsimile: 202.337.6065
Email: garrett.buttrey@saul.com

*Counsel for Defendant/Counter-Plaintiff*
*Fiserv Solutions, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant Fiserv Solutions, LLC's Unopposed Motion to Join Fiserv, Inc. as a Necessary Party under Federal Rule Of Civil Procedure 19 or, in the alternative, as a Permissive Party Under Federal Rule Of Civil Procedure was served on counsel of record for the Plaintiff on May 11, 2022 by electronic mail and by ECF at the following address:

WALENTINE O'TOOLE, LLP
Raymond R. Aranza
Email: raranza@walentineotoole

*Counsel for Plaintiff/Counter-Defendant*
*Kimberly Morehead*

*/s/ Kenneth M. Wentz III*
Kenneth M. Wentz III
*Counsel for Defendant/Counter-Plaintiff*

4877-6809-2191, v. 1

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **KIMBERLY MOREHEAD,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | **Case No.: 8:22-cv-00120** |
| **v.** | ) | |
| | ) | |
| **FISERV SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |
| | ) | |

---

**DECLARATION OF ANTHONY S. MARINO IN SUPPORT OF FISERV SOLUTIONS, LLC'S UNOPPOSED MOTION TO JOIN FISERV, INC. AS A NECESSARY PARTY UNDER FEDERAL RULE OF CIVIL PROCEDURE 19 OR, IN THE ALTERNATIVE, AS A PERMISSIVE PARTY UNDER FEDERAL RULE OF CIVIL PROCEDURE 20**

---

I, Anthony S. Marino, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I submit this declaration in support of Defendant/Counter-Plaintiff Fiserv Solutions, LLC's Unopposed Motion to Join Fiserv, Inc. as a Necessary Party Under Federal Rule of Civil Procedure 19 or, in the Alternative, as a Permissive Party Under Federal Rule of Civil Procedure 20.

2. The matters stated in this declaration are within my personal knowledge and, if called as a witness, I could and would competently testify to them.

3. I am Executive Vice President and Chief Human Resources Officer of Fiserv, Inc.

4. Fiserv, Inc., a business incorporated under the laws of the State of Wisconsin with its principal place of business in Wisconsin.

5. Fiserv, Inc. is the sole member of Fiserv Solutions, LLC ("Fiserv Solutions").

6. On or about October 15, 2021, Fiserv, Inc. entered into a Release of Claims (the "Release") with Kimberly Morehead ("Morehead"), a Fiserv Solutions employee. The Release also included a Restrictive Covenant Agreement ("RCA"). Under the terms of the RCA, Morehead is prohibited from working for a competitor of Fiserv, Inc. for a 24-month period from the date of her separation from Fiserv Solutions. Similarly, Morehead is also prohibited from soliciting Fiserv, Inc. customers for 24 months and from soliciting Fiserv, Inc. employees for 12 months.

7. Fiserv, Inc. and Morehead are the parties to the Release and RCA.

8. As consideration for the Release and RCA, Fiserv Solutions, as her employer, paid Morehead $466,000.

9. Fiserv, Inc. has and claims an interest in Morehead's declaratory judgment action against Fiserv Solutions, as well as Fiserv Solutions' counterclaim against Morehead for breach of contract and unjust enrichment.

10. Fiserv, Inc. wishes to defend against Morehead's declaratory judgment claim to protect its contractual rights. Similarly, Fiserv, Inc. wishes to assert claims against Morehead for breach of contract and unjust enrichment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

May 8, 2022 | 15:38 CDT

Dated: May __, 2022

DocuSigned by:
Anthony Marino
A92EF8C4A2BA492

Anthony S. Marino