IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KIMBERLY MOREHEAD,

Plaintiff/Counter- Defendant,

vs.

FISERV SOLUTIONS, LLC, and FISERV, INC.,

Defendants/Counter-Plaintiffs.

**CASE NO. 8:22-CV120**

RULE 26(f) REPORT

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

Raymond R. Aranza, Walentine O'Toole, LLP, 11240 Davenport Street, Omaha, Nebraska, representing Plaintiff.

Kenneth M. Wentz III of Jackson Lewis, P.C., and Gary B. Eidelman and Garrett P. Buttrey of Saul Ewing Arnstein & Lehr LLP, representing Defendant.

The parties discussed the case and jointly make the following report:[1]

## I. INITIAL MATTERS:

A. Jurisdiction and Venue: As to the defendant(s) (mark all boxes that may apply).

☐ Jurisdiction is contested because ____________________________.

☐ Venue is contested because _________________________________.

☒ Neither jurisdiction nor venue are contested.

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

If the case alleges an action for forfeiture, complete only sections **IV: Settlement**; **V. Consent to Final Resolution by a Magistrate Judge**; and **VI: Case Progression**.

B. Immunity: As to the defendant(s) (mark all boxes that may apply).

☐ An immunity defense has been raised by a defendant.

☐ An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**.

☒ No immunity defense has or will be raised in this case.

C. Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

☒ Not applicable.

☐ The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

☐ Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

☐ before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: ________________________________________.

☐ a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐ motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

## II. CLAIMS AND DEFENSES:

A. Claims:[2] Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

---

[2] The category "Claims" includes any claims raised by any party, including not only those raised by the party(s) who filed the lawsuit, but any crossclaims, counterclaims, or third-party claims raised in the operative pleadings.

1. Whether the Defendant/Counter-Plaintiffs can enforce the Release of Claims and Restrictive Covenant Agreement signed by Plaintiff as concerns her employment with Payment Systems for Credit Unions (PSCU).

2. Whether Defendant/Counter-Plaintiffs can claim damages for its claim that Plaintiff violated the Release of Claims and Restrictive Covenant Agreement.

3. Can Defendant claim that Plaintiff is unjustly enriched to recover sums paid as severance which was offered and accepted for a release of claims for violations of Title VII of the Civil Rights Act, the ADEA and other discrimination actions.

B. Defenses:[3] Plaintiff/Counter-Defendant Kimberly Morehead is a former employee of Fiserv Solutions, LLC ("Fiserv Solutions"), a subsidiary of Fiserv, Inc. (collectively referred to as "Defendants"). On or about October 15, 2021, Morehead signed a Release of Claims, as well as a Restrictive Covenant Agreement, which included a non-compete provision and other restrictive covenants (the "RCA") in connection with a payment she received in connection with the termination of her employment. Morehead agreed, among other things, that she would not perform work for a competitor of the same or similar nature to the work she performed while employed by Fiserv Solutions for a period of 24 months following her termination. In consideration for entering into the Release of Claims and RCA, Morehead was paid $466,000. The RCA is reasonable in scope, time, and geography under Nebraska law, and is, therefore, a valid and enforceable contract between the Parties.

Immediately following her termination, Plaintiff began working for Payment Systems for Credit Unions ("PSCU"), a direct competitor of Fiserv Inc., as a senior executive. Defendants/Counter-Plaintiffs believe that Morehead is performing tasks and responsibilities for PSCU that are substantially similar to those she performed while employed with Fiserv Solutions. Accordingly, Plaintiff/Counter-Defendant is in breach of the Release and Waiver of Claims and the RCA she signed on October 15, 2021, and Defendants/Counter-Plaintiffs are entitled to damages as a result of this ongoing breach.

Alternatively, in the event Morehead is successful in her claim to have the RCA deemed invalid and unenforceable, Fiserv is entitled to the consideration paid to her for signing the RCA, as she would be unjustly enriched if allowed to retain the consideration paid for an agreement she claims is void.

---

[3] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

**III. METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

☐ Administrative record review:

☒ A party will request discovery.

☐ A party will not request discovery.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐ Cross-motions for summary judgment and/or resolution on stipulated facts:

☐ A party will request discovery.

☐ A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐ Trial**:**

☒ No party has timely demanded a jury trial.

☐ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

☐ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.

A motion to strike the jury demand will be filed no later than: **Click here to enter a date.**.

☐ The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

**IV. SETTLEMENT:**

Counsel state (mark all boxes that may apply):

☒ To date, there have been no efforts taken to resolve this dispute.

☐ Efforts have been taken to resolve this dispute

☐ prior to filing this lawsuit. Explain: ________________________.

☐ after filing this lawsuit, but before the filing of this report. Explain: _____________________.

☐ Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

☐ It is agreed:

☐ Mediation is appropriate at this time, and pending the outcome of those efforts,

☐ case progression should be stayed.

☐ case progression should not be stayed.

☐ Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: ____________

☐ Mediation will not be appropriate. Explain: _____________.

☐ Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**.

☐ At least one party is not interested in exploring options for settling this case.

## V. CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒ At least one party does not currently consent.

## VI. CASE PROGRESSION:

A. Initial mandatory disclosures required by Rule 26(a)(1).

☐ Have been completed.

☒ Will be completed by August 22, 2022.

B. Motions to amend the pleadings or to add parties.

☒ A plaintiff does not anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **October 28, 2022**.

☒ A defendant does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before **October 28, 2022**.

If more than 90 days are needed, explain why: ____________________.

C. Discovery.

1) As to written discovery under Rules 33, 34, 36, and 45:

a. The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

☒ The parties do not anticipate any disputes over the number of discovery requests served.

☐ The parties believe a dispute may arise over the number of (mark all boxes that may apply):

☐ Interrogatories.
☐ Requests for Production.
☐ Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

b. Written discovery will be completed[4] by **February 9, 2023**.

2) As to expert disclosures as required under Rule 26(a)(2):

☒ The parties do not anticipate calling experts to testify at trial.

☐ The parties anticipate calling experts to testify at trial, and

a. Counsel agree to at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by **Click here to enter a date.**.[5]

b. Expert **reports** shall be served by **Click here to enter a date.**.[6]

c. Motions to exclude expert testimony on *Daubert* and related grounds will be filed by **Click here to enter a date.**.

3) As to deposition testimony under Rules 30 and 45:

---

[4] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

[5] **Note**: The parties may choose to eliminate this expert identification step and propose only an expert disclosure deadline. The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

[6] **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s), and they may include rebuttal expert deadlines.

a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is _5_.

b. All depositions

☒ will be limited by Rule 30(d)(1).

☐ will be limited by Rule 30(d)(1), except as follows: ________________________________________.

c. All depositions, regardless of whether they are intended to be used at trial, will be completed by **April 7, 2023**.

4) Protective Order:

☒ All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

☐ the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

☐ with the court's standard Attorneys' Eyes Only provisions.

☐ with the court's standard HIPAA language permitting release of Protected Health Information.

☐ the parties hereby move the court to enter the proposed protective order attached to this report.

☒ the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.[7]

☐ At least one party believes a protective order will not be necessary in this case.

---

[7] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

5) Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

☒ The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

☒ Documents between legal counsel and clients created on or after **September 1, 2021**

☐ Documents maintained by consulting or testifying experts created on or after **Click here to enter a date.**.

☐ The following documents: ______________________.

☐ Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

☐ the parties do not anticipate a dispute over preservation, scope, and production of ESI.

☒ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7) Other special discovery provisions agreed to by the parties include: ______________________________________________.

D. Dispositive Motions.

☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

a. as to the following claims and/or defenses:[8] on all claims;

b. such motions to be filed on or before May 10, 2023.

E. Other matters to which the parties stipulate and/or which the court should know or consider: ______________________________________________.

F. This case will be ready for trial before the court by: October, 2023

G. The estimated length of trial is _3_ days.

**VII. CONFERENCING WITH THE COURT**:

A. Initial Case Conference:

☐ At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☒ All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B. Interim Status Conference:

☐ At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: (month/year).

☒ The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

[8] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

**Reminder:** **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: **August 8, 2022.**

| */s/ Raymond R. Aranza (with permission)* | */s/ Kenneth M. Wentz III* |
| --- | --- |
| Plaintiff(s) or Plaintiff(s)' Counsel | Defendant(s) or Defendant(s)' Counsel |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

WALENTINE O'TOOLE, LLP
Raymond R. Aranza
11240 Davenport Street
Omaha, NE 68154
Phone: 402.330.6300
Email: raranza@walentineotoole

*Counsel for Plaintiff/Counter-Defendant*
*Kimberly Morehead*

*/s/ Kenneth M. Wentz III*
Kenneth M. Wentz III
*Counsel for Defendant/Counter-Plaintiff*