**IN THE UNITED STATES COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| KIMBERLY MOREHEAD, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> FISERV SOLUTIONS, LLC, and FISERV, INC. <br><br> Defendants/Counter-Plaintiff. | **CASE NO. 8:22-CV-00120** <br><br> **AMENDED COMPLAINT** |

COMES NOW, the Plaintiff, Kimberly Morehead, by and through her Counsel of record, for a complaint for declaratory judgement pursuant to Neb. Rev. Stat. § 25-21,149 against Defendant Fiserv, Inc., states and alleges the following:

1. The Plaintiff, Kimberly Morehead ("Morehead") is a resident of Douglas County, Nebraska, and was formerly employed by Defendant, Fiserv Solutions, LLC.
2. Defendant, Fiserv Solutions LLC ("Fiserv"), is a Wisconsin limited liability corporation conducting significant business in Nebraska and has employees located in Nebraska.
3. This court has appropriate jurisdiction as the events that transpired herein occurred within this judicial jurisdiction.
4. Morehead worked for Fiserv from October 3, 1988 until October 15, 2021.
5. Fiserv is a global financial technology and payments company focusing on providing solutions in banking, global commerce, merchant acquiring, billing and payments, and point-of-sale. Fiserv's clients include banks, thrifts, credit unions, securities broker dealers, leasing and financing companies, and retailers.
6. While employed at Fiserv, Morehead's official title was Senior Vice President of Financial Institution Sales. Morehead's primary job functions involved leading a team of Account Executives, Account Executive Leaders, and Relationship Managers that focused on identifying and qualifying new sales opportunities and meeting or exceeding targeted goals for sales quotas and revenue growth. Morehead's role within Fiserv was sales-driven and goal oriented with existing client development being a primary focus of her position. Morehead's revenue management totaled $800,000,000, with strategic client growth focusing on seventy clients in the midwest and west coast regions all with assets totaling $10,000,000,000 and above.

7. One of Fiserv's numerous clients is Payment Systems for Credit Unions ("PCSU"). PCSU is a credit union service focusing exclusively on providing payment technology to small to mid-sized credit unions.

8. On or about October 15, 2021, Morehead ceased employment with Fiserv and began employment with PCSU. Morehead's primary role as an employee of PSCU is to manage an only existing block of credit union clients within a specific territory whose assets are $5,000,000,000 and below. Morehead's responsibilities are client-retention based and Morehead will not be operating in a sales capacity conducting any outside sales procurement for new clients.

9. Upon Morehead's departure from employment with Fiserv, Morehead and Fiserv signed and agreed upon a "Release of Claims" (the "Release"). A true and accurate copy of the Release, including all attached Exhibits and sub- agreements, is attached hereto as <u>Exhibit A</u>.

10. Attached to the Release as "Exhibit A" is a "Restrictive Covenant Agreement" (the "Agreement"). The Agreement states, in relevant part:

> **II. Non-Competition**. Employee agrees that for twenty-four (24) months after employment termination from Company for any reason, Employee will not, on Employee's behalf or another's behalf, engage in any activities for a competitor of Company that are the same or substantially similar to the activities Employee performed on behalf of Company during the last 24 months prior to termination. The restriction in this paragraph is limited to the geographic area that is the same or substantially similar to the geographic area that Employee serviced at the time of Employee's termination. Employee agrees that prospective employers exist such that employment opportunities are available to Employee which would not be in violation of this Section II. Employee further agrees that this Section II is reasonable in scope and does not constitute a restraint of trade with respect to Employee's ability to obtain alternate employment in the event Employee's employment with the Company terminates for any reason, and regardless of whether such termination is initiated by Employee or Company.
>
> **III. Non-Solicitation of Customers**. Employee agrees that, for twenty-four (24) months after the cessation of Employee's employment with the Company, Employee will not solicit, contact, or call upon any customer or prospective customer of

> the Company for the purpose of providing any products or services substantially similar to those Employee provided while employed with the Company. This restriction will apply only to any customer or prospective customer of the Company with whom Employee had contact or about whom Employee learned Trade Secrets, Confidential Information, or Third-Party Information during the last twenty-four (24) months of Employee's employment with the Company. For the purpose of this paragraph, "contact" means interaction between Employee and the customer, or prospective customer which takes place to further the business relationship or making sales to or performing services for the customer, or prospective customer on behalf of the Company.
>
> **IV. Non-Solicitation of Employees.** For twelve (12) months after the cessation of employment with the Company, Employee will not recruit, hire, or attempt to recruit, directly or by assisting others, any employee of the Company with whom Employee had contact or about whom Employee learned Trade Secrets, Confidential Information or Third Party Information during Employee's last twenty-four (24) months of employment with the Company. For the purposes of this paragraph, "contact" means any business-related interaction between Employee and the other employee.

11. On or about February 14, 2022, Morehead received a letter dated February 11, 2022 by and through Fiserv's counsel stating Morehead was in violation of the Release and Agreement by accepting her new role with PCSU. This letter alleged PSCU was a competitor of Fiserv. A true and accurate copy of this letter is attached hereto as <u>Exhibit B</u>.
12. On or about February 14, 2022, Morehead responded to the February 11, 2022 letter via email to Fiserv's counsel explaining the plethora of differences between Fiserv and PSCU as companies and that PSCU is not a competitor of Fiserv but rather a customer. A true and accurate copy of this email is attached hereto as <u>Exhibit C</u>.
13. On or about February 18, 2022, Fiserv by and through their counsel, sent Morehead a second letter disagreeing with her position that PSCU is a customer of Fiserv and the size difference of the companies not significant and that Morehead continues to violate the Release and Agreement. A true and accurate copy of this letter is attached hereto as <u>Exhibit D</u>.

14. PSCU is a customer of Fiserv, serves clients of completely different financial and logistical size, and Morehead's primary role for PSCU is significantly different than her role while employed for Fiserv. Morehead has zero competitive intelligence from Fiserv that could be shared with PSCU as the clients of either company differ significantly in size.
15. There is no adequate remedy at law to determine the rights of the parties pursuant to the Release and its attached Agreements

WHEREFORE, Plaintiff prays this Court, pursuant to Neb. Rev. Stat. § 25-21, 149, enter a declaratory judgement as follows:

a) determining the Release and Agreement is overly broad in nature, a restraint trade, and is unduly harsh to Plaintiff Kimberly Morehead as relates to Plaintiff Kimberly Morehead's employment with PSCU;
b) if determined to be enforceable as concerns Plaintiff Kimberly Morehead's employment with PSCU, determining the rights and obligations of the parties under the Release and Agreement;
c) finding that Plaintiff Kimberly Morehead has complied with the terms of the Release and Agreement;
d) finding that the Release and Agreement does not preclude Plaintiff Kimberly Morehead from working at PSCU pursuant to the plain language of the Release and Agreement;
e) finding that Plaintiff Kimberly Morehead is free from any moneys owed to Defendant Fiserv Inc; and,
f) for any further relief that this Court deems fair and just.

                KIMBERLY MOREHEAD, Plaintiff

          By: /s/Raymond R. Aranza
            Raymond R. Aranza #18523
            Walentine O'Toole, LLP
            11240 Davenport Street
            P. O. Box 540125
            Omaha, NE 68154
            Phone: (402) 330-6300
            Fax: (402) 330-6303
            raranza@walentineotoole.com
            ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of August, 2022, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which sent notification of such filing to the following:

Kenneth M. Wentz, III
JACKSON LEWIS, PC
10050 Regency Circle, Suite 400
Omaha, NE 68114
Kenneth.wentz@jacksonlewis.com

                                         /s/Raymond R. Aranza
                                         Raymond R. Aranza, #18523

4882-8474-7309, v. 1