# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| KIMBERLY MOREHEAD, ) | |
| ) | Case No. 8:22-cv-00120 |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S ANSWER TO** |
| vs. ) | **DEFENDANT'S AMENDED** |
| ) | **COUNTERCLAIM** |
| FISERV SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW, Plaintiff/Counter-Defendant Kimberly Morehead ("Morehead") by and through her counsel, states as follows for her Answer and Affirmative Defenses to Defendant/Counter-Plaintiff Fiserv Solutions, LLC ("Fiserv Solutions") Amended Counterclaim:

1. Admit the allegations in Paragraph 1 of the Amended Counterclaim.

2. Admit the allegations of Paragraph 2 of the Amended Counterclaim.

3. Deny the allegations of Paragraph 3 of the Amended Counterclaim.

4. Admit the allegations of Paragraph 4 of the Amended Counterclaim.

5. Admit that Fiserv, Inc. and Morehead executed a Release of Claims incorporating the Restrictive Covenant Agreement. Morehead has insufficient knowledge to either admit or deny the rest of the allegation of Paragraph 5 of the Amended Counterclaim, and therefore to the extent a further response is required, the allegations are denied.

6. The allegations in Paragraph 6 of the Amended Counterclaim refer to documents, the contents of which speak for themselves. To the extent a further response is required, the allegations are denied.

7. Deny the allegations of Paragraph 7 of the Amended Counterclaim. Morehead was paid $466,000.00 for a release of claims found at paragraph 3 of the Release of Claims attached to Morehead's Complaint.

8. Morehead has insufficient knowledge to either admit or deny the allegations of Paragraph 8 of the Amended Counterclaim, and therefore the allegations are denied.

9. Admit the allegations of Paragraph 9 of the Amended Counterclaim.

10. Deny the allegations in Paragraph 10 of the Amended Counterclaim.

11. Admit that Morehead accepted employment with PSCU but denies the rest of the allegations of Paragraph 11 of the Amended Counterclaim.

12. Deny the allegations of Paragraph 12 of the Amended Counterclaim.

13. Morehead denies the allegations of Paragraph 13 in that it is Morehead's request that the Court find that the contract in question cannot be enforced against Morehead as relates to Morehead's employment with PSCU.

14. Deny the allegations of Paragraph 14 of the Amended Counterclaim.

15. Morehead reasserts its prior assertions. To the extent a further response is required, the allegations of Paragraph 15 are denied.

16. Deny the allegations of Paragraph 16 of the Amended Counterclaim.

17. Deny the allegations of Paragraph 17 of the Amended Counterclaim.

18. Morehead has insufficient knowledge to either admit or deny the allegations of Paragraph 18 of the Amended Counterclaim, and therefore the allegations are denied.

19. Deny the allegations of Paragraph 19 of the Amended Counterclaim.

20. Deny the allegations of Paragraph 20 of the Amended Counterclaim.

21. Deny the allegations of paragraph 21 of the Amended Counterclaim.

22. Morehead reasserts her prior assertions. To the extent a further response is required, the allegations of Paragraph 15 are denied.

23. Admit the allegations of Paragraph 23 as it relates to acceptance of payment for the release contained in the Agreement.

24. Morehead admits the allegations as it relates to Morehead seeking an order from the Court that the agreement as it pertains to her employment with PCSU is unenforceable.

25. Admit the allegations of Paragraph 24 of the Amended Counterclaim.

26. Deny the allegations of Paragraph 25 of the Amended Counterclaim.

27. Deny the allegations of Paragraph 26 of the Amended Counterclaim.

## **GENERAL DENIAL**

28. Deny each and every allegation of the Amended Counterclaim, save and except those allegations expressly admitted herein to be true and those allegations that constitute an admission against the interests of Counter-Plaintiffs.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which Counterclaim Plaintiffs bear such burden, and without waiving any of the specific denials set forth in the Answer above, Morehead states and allege for its additional and/or affirmative defenses as follows:

29. Counter-Plaintiffs fail to state a claim on which relief can be granted.

30. Counter-Plaintiffs did not and cannot suffer any damages in connection with the conduct they attribute to Morehead in the Amended Counterclaim.

31. Morehead acted in good faith, with ordinary care and prudence, and did not violate any laws or contractual agreements.

32. Counter-Plaintiff is estopped from claiming damages in this matter.

33. Counter-Plaintiff is barred from recovery under the doctrines of unclean hands and laches.

34. The provisions on the Contract seek to restrict Morehead's employment with PCSU is an unlawful restraint of trade.

35. The provisions of the Contract are unduly harsh and overbroad.

36. Morehead's employment with PCSU is not competitive with Counter-Plaintiff. She does not solicit or serve any clients that she had contact with while employed by Counter-Plaintiff.

37. Morehead reserves the right to assert additional affirmative defenses.

**DATED** this 11th day of October, 2022.

KIMBERLY MOREHEAD, Plaintiff/Counter-Defendant

BY /s/Raymond R. Aranza
Raymond R. Aranza # 18523
Walentine, O'Toole, LLP
11240 Davenport Street
Omaha, NE 68154
Phone: (402) 330-6300
Fax: (402) 330-6303
Email: raranza@womglaw.com
Attorney for Plaintiff/Counter-Defendant

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 11th day of October, 2022, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which sent notification of such filing to all parties:

                                              /s/Raymond R. Aranza
                                              Raymond R. Aranza, #18523

4855-0768-0311, v. 1